**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


TRAVIS VAN DORN,                                )
                                                )
                    Plaintiff,                  )
                                                )
vs.                                             )            CIVIL NO. 10-cv-738-WDS
                                                )
AMEDISYS ILLINOIS, L.L.C.,                      )
                                                )
                    Defendant.                  )


## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand (Doc. 7), to which defendant has filed a response (Doc. 12). Also before the Court is defendant's motion to dismiss plaintiff's first amended complaint (Doc. 9), to which plaintiff has filed a response (Doc. 11), and defendant a reply (Doc. 13).

### BACKGROUND

Plaintiff originally filed this action against defendant in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois (Case. No. 10-L-390). On November 18, 2008, while employed by defendant, plaintiff was allegedly injured during the course and scope of his employment as an occupational therapist. Plaintiff alleges that his employer terminated him in retaliation for filing a workers' compensation claim in violation of 820 ILL. COMP. STAT. 305/4(h) (2010). He seeks damages for lost wages and fringe benefits as well as punitive damages. Defendant removed this action based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Because defendant's notice of removal pointed out that Amedisys, Illinois, L.L.C. was plaintiff's true employer, plaintiff's amended complaint named Amedisys

Illinois, L.L.C. as the defendant. Plaintiff now moves for remand, arguing that this Court lacks jurisdiction over this action because both plaintiff and defendant are citizens of Illinois. Defendant argues that this Court has diversity jurisdiction and also moves to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**ANALYSIS**

## I.       Motion to Remand

Removal based on federal diversity jurisdiction requires that the parties be of diverse citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1). The parties agree that plaintiff is an Illinois citizen. Although defendant is an Illinois corporation with its principal place of business in Illinois, it is not necessarily an Illinois citizen for purposes of diversity jurisdiction. Because defendant is a limited liability company, its citizenship for purposes of diversity jurisdiction is the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The sole member of Amedisys, Illinois, L.L.C. is Amedisys Holding, L.L.C., and the sole member of Amedisys Holding, L.L.C. is Amedisys, Inc. Thus, defendant has the same citizenship as Amedisys, Inc. Amedisys, Inc. is incorporated in Delaware and has its principal place of business in Louisiana, and, therefore, defendant is a citizen of those states for purposes of diversity jurisdiction, not a citizen of Illinois. Accordingly, the Court **FINDS** that the parties are completely diverse.

This suit also fulfills the amount in controversy requirement for diversity jurisdiction. In his motion to remand, plaintiff does not argue that the amount in controversy is less than

$75,000. Plaintiff's amended complaint seeks damages representing lost wages and lost fringe benefits in excess of $50,000, as well as punitive damages in excess of $50,000. Furthermore, in light of the fact that plaintiff may be entitled to back pay, and the fact that he was earning approximately $74,888 per year before he was terminated on April 29, 2009, and nearly two years have passed, the amount in controversy for back pay alone exceeds $75,000. Accordingly, the Court **FINDS** that this suit meets both the diversity and amount in controversy requirements.

Finally, because the complaint must be read as alleging wrongful discharge in violation of Illinois public policy, the statutory prohibition against removing actions arising under workmen's compensation laws does not apply. Civil actions which arise under state workers' compensation laws may not be removed to federal court. 28 U.S.C. § 1445(c) (2010). However, as defendant was careful to point out in its notice of removal (Doc. 2), while 820 ILL. COMP. STAT. § 305/4(h) itself creates no civil remedy for retaliatory termination, it animates a cause of action in tort for wrongful discharge in violation of Illinois public policy. Thus, as defendant explained, plaintiff's complaint should be read as stating a claim for wrongful discharge in violation of Illinois public policy. *See Flasza v. TNT Holland Motor Exp., Inc.*, 159 F.R.D. 672, 681 (N.D. Ill. 1994); *see also*, *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 358-59, (Ill. 1978) (holding that § 305/4(h) animates a cause of action for wrongful discharge in violation of public policy); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994) ("Workers' compensation law serves as the background of the *Kelsay* tort."). While workers' compensation law furnishes the "public policy" for the tort plaintiff alleges, the claim does not "arise under" workers' compensation laws, so 28 U.S.C. § 1445(c)'s prohibition of removal does not apply. *Spearman*, 16 F.3d at 725 (7th Cir. 1994).

3

Accordingly, the Court **FINDS** that this suit meets both the diversity and amount in controversy requirements, and removal is not barred on other grounds. Plaintiff's motion to remand (Doc. 7) is therefore **DENIED.**

## II.    Motion to Dismiss

In its motion to dismiss, defendant abandons its earlier position regarding plaintiff's complaint and argues that it fails to state a claim because § 305/4(h) itself creates no civil remedy for retaliatory termination. Plaintiff , not surprisingly, points to the wrongful discharge claim earlier cited by defendant.

While the first amended complaint does not unambiguously indicate that plaintiff intends to sue in tort, such ambiguity does not warrant dismissal. Federal Rule of Civil Procedure 8(a)(2), which governs the requirements for complaints, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In ruling on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a court must draw all reasonable inferences in favor of the plaintiff and construe the allegations of the complaint in the light most favorable to the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

Defendant seeks to dismiss this action for failure to state a claim upon which relief may be granted, asserting that plaintiff's retaliatory discharge claim is pursuant to a statute, 820 ILL. COMP. STAT. 305/4(h), which does not provide a civil remedy. *See Flasza*, 159 F.R.D. at 681. Defendant's assertion mischaracterizes plaintiff's complaint. It is true that plaintiff cites to the

statute, part of the Workers' Compensation Act, in his amended complaint.[1]  However, such references are essential to a properly pleaded complaint for the common law tort of retaliatory discharge.  In Illinois, three elements are necessary to state a cause of action for retaliatory discharge: "(1) [plaintiff's] status as an employee of the defendant before injury; (2) his exercise of a right granted by the Workers' Compensation Act; and (3) a causal relationship between his discharge and the exercise of his right."  *Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 149 (7th Cir. 1994).  References to the Workers' Compensation Act in a complaint for the common law tort of retaliatory discharge are to be expected.  A fair reading of the first amended complaint indicates that this was plaintiff's purpose in citing to the statute, not to create an independent cause of action under the statute.

The background of *Flasza*, to which defendant cites, demonstrates why that court was so critical of the use of the statute: as part of a three-part complaint, the plaintiff sued for one count of a violation of the common law tort against retaliatory discharge *in addition* to a count for retaliatory discharge under the Workers' Compensation Act.  *Flasza*, 159 F.R.D. at 676.  In the instant case, plaintiff is only suing under common law, not trying to multiply counts by using both the common law and statutory law.  The interest in *Flasza* of restricting counts of a complaint does not exist in this case.

The final issue to consider is whether plaintiff has sufficiently pled a cause of action. Plaintiff addresses all three elements of retaliatory discharge with sufficient specificity, and

---

[1] The two references to the Workers' Compensation Act in the first amended complaint (Doc. 6) read: "That on or about April 29, 2009, in retaliation for the Plaintiff's filing and pursuit of his lawful Workers' Compensation Claim, Defendant . . . wrongfully discharged and terminated Plaintiff from said employment . . . in contravention of 820 ILCS 305/4(h)" and "Defendant [sic] . . . actions in discharging Plaintiff . . . in retaliation for filing a claim pursuant to the Worker's [sic] Compensation Act (820 ILCS 305/1 *et seq.)* was done with malice, or a conscious disregard for the lawful and statutorily prescribed rights of Plaintiff. . . . ."

alleges: (1) plaintiff was an employee of defendant before and at the time of the injury; (2) plaintiff filed and was pursuing a lawful Workers' Compensation claim; and (3) that defendant wrongfully discharged and terminated plaintiff as a result of plaintiff's filing and pursuit of his lawful Workers' Compensation claim. Defendant even refers to the amended complaint as "alleging that he [Van Dorn] was terminated in retaliation for filing a workers compensation claim. . . ." (Doc. 10). Defendant has sufficient notice of the claims against it, and plaintiff has sufficiently demonstrated that he is plausibly entitled to relief.

Plaintiff's complaint may be reasonably understood as alleging wrongful discharge in violation of Illinois public policy, and this Court is bound to construe it in that manner. Under the notice pleading standard, a complaint need not contain legal theories or match facts against legal elements. *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008); *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). At any rate, defendant's own arguments in its notice of removal demonstrate that it had no difficulty understanding the complaint.

## CONCLUSION

Accordingly, the Court **DENIES** plaintiff's motion to remand (Doc. 7) and **DENIES** defendant's motion to dismiss (Doc. 9).


**IT IS SO ORDERED**

**DATE:   April 18, 2011**

**/s/  WILLIAM D. STIEHL**
**DISTRICT JUDGE**
